Jonathan L. Gerber (SBN251219)
Adam I. Miller (SBN269990)
MILLER MILLER MENTHE, LLP
1500 Quail St., Ste. 490
Newport Beach, CA 92660
(714) 450-3800
Email: jgerber@millermenthelaw.com

Attorneys for KEYA MORGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYA MORGAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>NEW YORK DAILY NEWS COMPANY, and DOES 1-10, Inclusive,<br><br>        Defendants | Case No.: 2:16-CV-5658<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br>1. COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL<br>(F.R.C.P. Rule 38) |

Plaintiff KEYA MORGAN, ("Plaintiff" or "Morgan") alleges against Defendant NEW YORK DAILY NEWS COMPANY; and DOES 1-10 ("Defendants") as follows:

## I. **THE PARTIES**

1. Morgan is a resident of Los Angeles, California.  Morgan is an expert, collector and business owner of historical photographs and manuscripts, including

an extensive collection of Marilyn Monroe photographs.  Morgan is an expert on the subject of Marilyn Monroe, John F. Kennedy, and Abraham Lincoln and has spent over 20 years tracking down the rarest and most unique photographs and manuscripts.  Morgan frequently licenses his photographs to major media outlets and publishers.

2.  Upon information and belief, Defendant New York Daily News ("Daily News") is a New York corporation with its principal place of business in New York, NY.

3.  Morgan does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Morgan believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Morgan's rights. Morgan will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Morgan ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

## JURISDICTION AND VENUE

1.   The present action arises under the Copyright Act, Title 17, Section 101, et seq., of the United States Code.

2.   Jurisdiction is conferred on this Court by 28 U.S.C. Section 1338(a).

3.   Venue lies in the Central District of California under 28 U.S.C § 1391(a) and (b) and 28 U.S.C. Section 1400(a).

4.     Morgan is informed and believes that personal jurisdiction is proper over the Defendants because for years and continuing to the date of this Complaint Defendants operate commercial businesses through which Defendants knowingly, systematically, and continuously transact business and enter into contracts on an ongoing basis with and provide services to individuals or companies in California, including within this judicial district; and Defendants have engaged in intentional acts that willfully infringed or assisted in the infringement of Morgan's copyrights within California.

## FACTS COMMON TO CLAIMS OF RELIEF

5.     Morgan is a collector of historical manuscripts and photographs and currently holds a large collection of Marilyn Monroe items.

6.     Among the items in Morgan's collection are two photographs and negatives of Marilyn Monroe, which are the basis for this lawsuit.  The two photographs were taken at the famous celebration for the birthday of President John F. Kennedy on May 19, 1962 at Madison Square Garden where Marilyn Monroe sang "Happy Birthday Mr. President." One of the photographs was taken by Irving Steinberg (the "Steinberg Photograph") (collectively the Steinberg Photograph and the Reid Photograph are referred to as the "Monroe Photographs"). The other one was taken by Gretchen Reid ("the Reid Photograph").  True and correct copies of the Steinberg Photograph and the Reid Photograph are attached hereto as Exhibit "1."

7.     Morgan not only owns the Steinberg Photograph and the Reid Photograph, he also acquired the underling copyrights to these photographs. The photographs were registered with the U.S. Copyright Office before Defendant Daily News

infringed Keya Morgan's copyright and they had received the following Copyright Registration Numbers: VA 1964142, and VA 1-969-325.

8. Subsequently, Morgan learned that Defendant Daily News published the Monroe Photographs, which belonged to Plaintiff on May 18, 2015, and only gave credit to the Associated Press. Plaintiff was not given credit, and Plaintiff never gave the Daily News permission to publish these photographs.

9. As a result of this unlawful conduct, Defendants have substantially lowered the value not only of the photographs in print, but also the value of the original signed prints, negative and copyright and damaged Morgan's credibility to the public.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement Against All Defendants)

10. Morgan re-alleges and incorporates by reference, as though set forth in full, paragraphs 1 through 9 above as though fully set forth herein.

11. Defendants have infringed Morgan's copyright in the Monroe Photographs by publishing them without giving Morgan credit and without Morgan's permission or authorization.

12. The Monroe Photographs were unlawfully published by Defendants after Morgan notified Defendants that he held the copyright to the photographs and after the Monroe Photographs were registered with the U.S. Copyright Office. These photographs were published on May 18, 2015 in the New York Daily News.

13. As a direct and proximate result of Defendants' infringement, Morgan has incurred significant financial damages. For example, prior to Defendants' infringement, Morgan sold multiple original signed prints of the Steinberg Photograph and Reid Photographs for between $5,000 to $15,000 each. As a result

of Defendants' infringement, potential buyers are no longer interested in buying original signed prints.

14.    As a direct and proximate result of Defendants' wrongful conduct alleged herein, Morgan has suffered direct injuries including damage to reputation, a loss of respect with clients and the public because as a result of the false credits, people do not believe that Morgan is the copyright owner of the Steinberg Photograph and the Reid Photograph.

15.    Accordingly, Morgan is entitled to all of his actual damages incurred as well as all of Defendants' profits that are attributable to the infringement, plus attorney's fees.

16.     Defendants continue to infringe Morgan's copyrights and unless restrained and enjoined, will continue to do so, all to Morgan's irreparable injury.  The amount of compensation which would afford adequate relief to Morgan for such injury will be difficult to ascertain.  The wrongful acts of Defendants are of a continuing nature and will require a multiplicity of judicial proceedings. Accordingly, Morgan's remedy at law is inadequate, and Morgan is entitled to preliminary and permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

WHEREFORE, Morgan prays for judgment against Defendants as follows:

  1. That Defendants be required to pay Morgan such damages as Morgan has sustained or will sustain by reason of Defendants' conduct, and to account for all gains, profits and advantages derived by Defendants from such conduct, but in no event less than $550,000.

  2.    Award Morgan his actual damages pursuant to 17 U.S.C. §504(a) or, in the alternative, statutory damages up to the maximum pursuant to 17 U.S.C. § 504(c).

3.  That all items which infringe Morgan's copyright be impounded surrendered up and forfeited to Morgan for destruction or other disposition.

4.  That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be enjoined and restrained during the pendency of this action and permanently thereafter from infringing any and all of the copyrights in his photographs by, among other things, acquiring, copying, displaying manufacturing, distributing, licensing and selling Morgan's photographs.

5.  That Defendants be required to take prospective measures to ensure that the credit for the photographs is fixed and that the public is informed that Morgan is the copyright owner to the Steinberg Photograph and Reid Photograph.

6.  That Defendants be required to pay to Morgan its attorneys' fees and costs incurred in connection with the prosecution of this action pursuant to 17 U.S.C. §§ 504, and 505; and

7.  For such other and further relief as the Court deems appropriate.

DATED: July 29, 2016              MILLER MILLER MENTHE

                                           By: /s/Jonathan L. Gerber_____
                                                    Jonathan L. Gerber
                                                    Attorney for Morgan Keya Morgan

## DEMAND FOR TRIAL BY JURY

Keya Morgan pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands trial by jury of all issues so triable in the present action.

DATED: July 29, 2016          MILLER MILLER MENTHE


By: /s/Jonathan L. Gerber_____
    Jonathan L. Gerber
    Attorney for Morgan Keya Morgan